UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT BEELER POWER,

    Petitioner,

vs.                                  Case No.  2:06-cv-423-FtM-36SPC

SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,

    Respondents.
_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon Petitioner's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #58, Motion) filed December 17, 2010.  Counsel for Petitioner advises the Court that Petitioner died on December 3, 2010.  Motion at 2.

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction.  U.S. CONST. art. III.  Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1327 (11th Cir. 2004).  The death of a petitioner in a habeas case prior to the Court's decision moots the case.  Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975)[1]; Walker v. Warden, U.S. Penitentiary, Atlanta, 593 F.2d 21 (5th Cir. 1979);

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

<u>Garceau v. Woodford</u>, 399 F.3d 1101 (9th Cir. 2005). Therefore, the motion will be granted.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Motion to Dismiss Petition for Habeas Corpus (Doc. #58) is **GRANTED.**

2. The Amended Petition (Doc. #19), as supplemented (Doc. #44) is **DISMISSED as moot,** and the **Clerk** is directed to terminate any pending motions and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __21st__ day of December, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-2-